NUMBER 13-05-008-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

THOMAS LOVETT AND TERESA LOVETT,                   Appellants,

 

                                           v.

 

BLAKE GRANT AND THEA
GRANT,                             Appellees.

 

 

 

                   On appeal from the 28th
District Court 

of Nueces County, Texas.

 

 

 

DISSENTING MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez, and Castillo

                        Memorandum
Opinion by Justice Castillo

 

A judgment that finally disposes of all
remaining parties and claims, based on the record in the case, is final.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 200 (Tex. 2001).  Such is the
case here.  Thus, I respectfully dissent.








All parties appeared for a jury trial
setting.  Appellees represented to the
trial court that they reached and executed a settlement agreement at the
conclusion of court-ordered mediation.  
They further represented that appellants were participants in and agreed
to the settlement agreement that encompassed all the pending claims.  Appellants countered that they did not settle
the case but, rather, agreed only "to explore settlement."  After hearing the arguments of counsel, the
trial court requested a copy of the "final mediated settlement
agreement" to "see if we can get this case resolved today, either
with that, or something else."  The
trial court ordered  appellants' counsel
to "read that last mediated settlement agreement" and then recessed
the hearing to deliberate.  

After the hearing reconvened, appellees
made an oral motion that the trial court 
enter judgment consistent with the mediated settlement agreement.
Appellees defended the settlement agreement, reiterated that the matter was
settled through mediation subject to approval of a judgment, and argued that
the sole question before the trial court was the unagreed-to judgment.  Appellees agreed that the settlement agreement
tendered to the trial court contained the necessary signatures.  The trial court pronounced in open court:

The Court is going to enter this
settlement agreement as the judgment of this case.  Understand, [appellants' counsel] you can do
what you need to do, but based on the fact that everyone, including your
clients have signed this agreement, the Court is going to accept this as the
judgment. . . .  Judgment is
entered."     

 








The trial court entered an order and
attached and incorporated in that order a copy of the settlement agreement as
the trial court's final judgment.   

Regardless of the language, a judgment
that disposes of all claims, based on the record in the case, may be deemed
final. See Lehmann, 39 S.W.3d at 200. 
As reflected in the record before us, the trial court unequivocally
intended to resolve the disputes before it, pronounced judgment disposing of
all the claims before it, and entered an order that reflects the judgment
rendered.  Accordingly, I conclude that
the requirements for finality inLehmann are met and we have a final and
appealable judgment before us.  Id.
    

ERRLINDA CASTILLO

Justice

 

 

Dissenting Memorandum Opinion delivered 

and filed this 20th day of July, 2006.